## ALEXANDER et al. v. BELSON.

(Circuit Court of Appeals, Seventh Circuit. December 17, 1924.)

No. 3399.

Patents ⊝328—1,384,035, for cooking utensil, held void for want of invention.

The Alexander patent, No. 1,384,035, for a cooking utensil, claims 1, 2, and 3, *held* void for want of invention.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by Herman L. Alexander and David Goldstein against David Belson, doing business as the Belson Manufacturing Company. Decree for defendant, and complainants appeal. Affirmed.

Joshua R. H. Potts, of Chicago, Ill., for appellants.

Chas. O. Shervey and Max M. Korshak, both of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

3 F.(2d)—51

EVAN A. EVANS, Circuit Judge. Claims 1, 2, and 3 of patent No. 1,384,035 were, by the District Court, held invalid for want of invention. They read:

"1. In a device of the class described, the combination of a receptacle open at its upper end, and a cover comprising a deep dome-shaped portion, and laterally extending means about the outer edge of the dome-shaped portion for supporting the cover upon the receptacle, said cover being adapted to serve as a mixing bowl.

"2. In a device of the class described, the combination of a receptacle open at its upper end, and a cover comprising a deep, dome-shaped upper portion, and a laterally extending rib about the outer edge of the dome-shaped portion, adapted to support the cover upon the receptacle in either the normal upright position or in inverted position to serve as an auxiliary bowl.

"3. In a device of the class described, the combination of a receptacle open at its upper end, and a cover comprising a conical, dome-shaped portion, a cylindrical portion forming an extension of the dome-shaped portion and adapted to fit within the upper end of the receptacle, a laterally extending rib formed between the dome-shaped portion and the cylindrical portion serving to support the cover upon the receptacle, and means to support said cover inverted on the table."

The cooking art is extremely old, and interest in it is universal. At some stage of life, all are brought into rather intimate contact with cooking utensils. Judicial knowledge may therefore extend further in this than in some other arts. Certainly the lids of wash boilers, tea kettles, and such structures are not beyond the ken even of judges. The prior art, as disclosed by the record, as well as that of which the court may take notice, discloses cooking utensils with "dome-shaped covers." Indeed, it might be harder to call to mind a cooking utensil with a cover not more or less dome-shaped.

The only asserted novelty in the structure of the patent must be found in the word "deep." The purpose of the "deep dome-shaped cover" is disclosed by the specifications, which read:

"It is the principal object of my invention to provide a new and improved form and arrangement of parts, whereby the lid or cover is adapted to be used in an inverted position as a container for mixing or any other desired purpose, and whereby means is provided for supporting the cover

from tipping, either when in position on the body of the utensil or when on a flat table."

The word "deep" probably should be read in the light of this avowed purpose, for in the absence of any explanation it is uncertain, indefinite, and meaningless. At best, the word "deep" is a relative term. Certainly difficulty would be experienced in distinguishing between infringing and non-infringing devices, if the word "deep" cannot be defined either by its purpose or in some other way.

If the purpose be sufficient to define the word "deep," these claims cannot be upheld, because of the prior art. Tops on numberless cooking utensils old in the art would serve the same purpose. On the other hand, if the word "deep" can be given another meaning (one suggested by counsel on oral argument), so that the retention of steam and its condensation may be secured, no different conclusion can be reached, because "deep," as so used, would be incapable of definition sufficiently accurate to permit of an intelligent determination of its infringement.

It may be said that, the deeper the dome, doubtless the more the steam would be condensed and retained; but to a certain extent condensation would result in case of any inverted dome-shaped top or lid. Claim 3 does not even require the dome of the cover to be deep. To make it conical would not be invention. The evidence showing extensive use of appellant's device is, of course, entitled to weight; but it is not persuasive, and upon all of the evidence we agree with the District Judge that the claims are invalid for want of invention.

The decree is affirmed.